UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT JEROME BYERS,                                Case No. 2:20-cv-00813-MC

    Plaintiff,                                                   ORDER

    v.

MATTHEW VESTER, Two Rivers Food
Service Coordinator; LEZLEE CURTIS,
Two Rivers Food Service Coordinator,
OREGON DEPT. OF CORRECTIONS,

    Defendants.

MCSHANE, District Judge:

Plaintiff, an inmate at the Two Rivers Correctional Institution, files a Complaint pursuant to 42 U.S.C. § 1983 and alleges deliberate indifference to his health arising from spoiled food that was allegedly provided to inmates. Currently before the Court are several pending motions.

A.  <u>Defendants' Motion to Dismiss</u>

Defendants move to dismiss plaintiff's state law claims alleged against the Oregon Department of Corrections (ODOC) in his Second and Third Claims for Relief. Defendant's motion is granted.

1   - ORDER

ODOC, as an arm of the State of Oregon, is immune from suit for damages in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Accordingly, plaintiff's state law claims against ODOC are dismissed.

Plaintiff attempts to remedy this deficiency by seeking amendment and bringing his state law claims against defendants Vester and Curtis. However, an action against ODOC under the Oregon Tort Claims Act is the sole cause of action for a tort allegedly committed by ODOC officers or employees acting within the scope of their employment or duties. *See* Or. Rev. Stat. § 30.265(3). Plaintiff's amendments are futile.

B. Plaintiff's Motion to Amend

Plaintiff's proposed amendments add factual allegations supporting his First Claim for Relief and, as noted above, allege the Second and Third Claims for Relief against Vester and Curtis. Plaintiff's amendments are futile with respect to his Second and Third Claims for Relief, and the motion is denied. Plaintiff may refile his proposed Amended Complaint and include only his First Claim for Relief.

C. Plaintiff's Motion for Internet and Telephone Access

Plaintiff seeks an order allowing him unrestricted internet and telephone access, purportedly for the purpose of pursing his legal claims. No legal authority supports this far-reaching request and nothing in this case warrants the burden it would place on correctional officials. Moreover, plaintiff has been able to file numerous documents and pursue other pending lawsuits in this Court. This motion is denied.

///

///

2    - ORDER

D.  <u>Defendants' Motion to Copy and Inspect Medical and Mental Health Records</u>

Defendants seek an order permitting them to inspect and copy plaintiff's relevant medical and mental health records. Or. Rev. Stat. § 179.495. Plaintiff alleges physical and psychological injury, and he has placed his physical and mental health squarely at issue. Accordingly, defendants' motion is granted. Once Vester and Curtis have filed an Answer, they may inspect and copy plaintiff's physical and mental health records.

## CONCLUSION

Defendants' Partial Motion to Dismiss (ECF No. 7) is GRANTED. Plaintiff's Second and Third Claims for Relief are DISMISSED, and ODOC is DISMISSED from this case as a defendant.

Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 8) is DENIED. Plaintiff may refile his proposed Amended Complaint and include only his First Claim for Relief.

Plaintiff's Motion for Unlimited Internet and Telephone Access (ECF No. 11) is DENIED. Defendants' Motion to Copy and Inspect Plaintiff's Medical and Mental Health Records (ECF No. 15) is GRANTED.

Defendants' Answer is due by November 18, 2020.

IT IS SO ORDERED.

DATED this 28th day of October, 2020.

s/ Michael J. McShane
Michael J. McShane
United States District Judge

3   - ORDER