UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ROBERT JEROME BYERS, | Case No. 2:20-cv-00813-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MATTHEW VESTER, Two Rivers Food Service Coordinator; LEZLEE CURTIS, Two Rivers Food Service Coordinator, OREGON DEPT. OF CORRECTIONS, | |
| Defendants. | |

MCSHANE, District Judge.

      Plaintiff, an inmate at the Two Rivers Correctional Institution (TRCI), filed suit pursuant to 42 U.S.C. § 1983 and alleged claims of deliberate indifference to his health arising from spoiled food intentionally given to inmates. Defendants now move for summary judgment on grounds that plaintiff failed to exhaust his administrative remedies. I find that questions of fact preclude summary judgment and deny defendants' motion.

1   - OPINION AND ORDER

DISCUSSION

To prevail on their motion for summary judgment, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006).

If the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'") (citation omitted). This burden is met when the prisoner shows that he or she took "reasonable

2   - OPINION AND ORDER

and appropriate steps" to pursue administrative remedies, but prison officials nonetheless interfered with the prisoner's attempts to exhaust or failed to follow correct grievance protocol. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

The Oregon Department of Corrections (ODOC) employs a three-step grievance and appeal process. *See* Or. Admin. R. 291-109-0100 *et seq.* Generally, the inmate must file a grievance within fourteen days of the alleged condition or incident. *Id.* 291-109-205(1). A grievance returned to the inmate on procedural grounds may not be appealed. Instead, the inmate may resubmit the grievance within fourteen days if the procedural errors can be corrected; an inmate is given two opportunities to resubmit a grievance and comply with procedural requirements. *Id.* 291-109-225(2). If a grievance is accepted, the inmate may appeal any response to the grievance within fourteen days after the response is sent to the inmate. *Id.* 291-109-205(3). If the appeal is accepted, the inmate may file a second appeal within fourteen days after the appeal response is sent to the inmate. *Id.* 291-109-205(5). A decision following a second appeal is final and not subject to further review.

On December 23, 2019, plaintiff submitted Grievance TRCI.2019.12.122 and complained that he had suffered food poisoning on December 15, 2019. Eynon Decl. Att. 5 at 2-3. On January 17, 2020, Grievance TRCI.2019.12.122 was returned to plaintiff because he had exceeded the "three pages permitted by the grievance rule" by continuing his complaint in attached declarations and also had exceeded "the number of supporting documents that may be attached to a grievance." *Id.* Att. 5 at 5 (citing Or. Admin. R. 291-109-0220(3) and (5)). No other reason was given for denying Grievance TRCI.2019.12.122. Plaintiff was advised that a "grievance or grievance appeal may only be resubmitted twice and must be received by the

3    - OPINION AND ORDER

institution grievance coordinator within 14 calendar days from when the grievance or grievance appeal was originally returned." *Id.*

On January 22, 2020, plaintiff resubmitted the original Grievance TRCI.2019.12.122 with corrections. *Id.* Att. 5 at 3. On February 11, 2020, plaintiff's grievance was returned a second time, because he had "not attached the previous receipt that was sent back" to him. *Id.* Att. 5 at 4. Plaintiff was advised, "Refer to OAR 291-109-0225(2)(c) - If rewritten, the return receipt and original grievance or grievance appeal must also be attached." *Id.* Notably, plaintiff's corrected Grievance TRCI.2019.12.122 was not rewritten; it was his original grievance. *Id.* Att. 5 at 2-3.

On February 18, 2020, plaintiff resubmitted Grievance TRCI.2019.12.122 a second time with corrections. Eynon Decl. Att. 5 at 3. On March 6, 2020, Grievance TRCI.2019.12.122 was sent back to plaintiff a third time because it was "still written outside of the appropriate spaces." *Id.* Att. 5 at 1. Plaintiff was referred "to the first receipt" sent to him on January 17, 2020, which cited Or. Admin. R. 291-109-0220(3) and its language providing that grievances must be "legible and written within the appropriate space provided" and those with "multiple sentences per line will be returned" for corrections. *Id.* Because plaintiff had resubmitted Grievance TRCI.2019.12.122 twice for corrections, ODOC rules forbid him from submitting the grievance a third time. Or. Admin. R. § 291-109-0225(2)(b) (providing that a "grievance or grievance appeal may only be resubmitted twice").

Based on this evidence, defendants argue that plaintiff did not comply with the procedural requirements of the ODOC grievance process and failed to exhaust his administrative remedies. I find that questions of fact exist as to whether defendants followed the correct grievance protocol and allowed plaintiff a fair opportunity to exhaust his claims.

4    - OPINION AND ORDER

First, plaintiff resubmitted the original version of Grievance TRCI.2019.12.122 after both denials, and he was not informed that his grievance was "written outside of the appropriate spaces" until he had resubmitted the grievance a second time. Eynon Decl. Att. 5 at 5. The first denial advised plaintiff only that Grievance TRCI.2019.12.122 exceeded the page and attached document limits and did not indicate that his grievance was written outside of the appropriate spaces. *Id.* While the first denial cited the rule requiring grievances to be written within the space provided, the same rule governs page limitations. Likewise, the second denial of Grievance TRCI.2019.12.122 referenced only the lack of a prior receipt and did not mention exceeding "appropriate spaces." *Id.* Att. 5 at 4.

Second, it is questionable whether adequate grounds supported the second denial of Grievance TRCI.2019.12.122. The grievance was denied a second time because plaintiff had "not attached the previous receipt that was sent back" to him, which is required when a grievance is "rewritten." *Id.*; *see* Or. Admin. R. 291-109-0225(2)(c) (providing that grievances returned for corrections, "[i]f rewritten," must include "the return receipt and original grievance"). As noted above, plaintiff's resubmitted grievance was not rewritten; it was his original grievance, as evidenced by plaintiff's notations at the top of Grievance TRCI.2019.12.122 and the date stamps indicating the three dates it was "Received," the two dates it was "Returned for Correction," and the date it was "Denied." Eynon Decl. Att. 5 at 2-3.

For these reasons, it is at least arguable that plaintiff took "reasonable and appropriate steps" to exhaust his remedies, and either 1) Grievance TRCI.2019.12.122 should have been accepted after plaintiff resubmitted it the first time with corrections, or 2) plaintiff should have been advised about exceeding the space limitations in the first or second denial. Accordingly, I find that questions of fact preclude summary judgment on grounds of exhaustion.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 32) is DENIED and the stay of discovery is lifted.

IT IS SO ORDERED.

DATED this 2nd day of November, 2021.

s/ Michael J. McShane  
MICHAEL J. MCSHANE  
United States District Judge

6   - OPINION AND ORDER