UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT JEROME BYERS,

    Plaintiff,

v.

MATTHEW VESTER, Two Rivers Food
Service Coordinator; LEZLEE CURTIS,
Two Rivers Food Service Coordinator,
OREGON DEPT. OF CORRECTIONS,

    Defendants.

Case No. 2:20-cv-00813-MC

ORDER

MCSHANE, District Judge.

    Plaintiff, an inmate at the Two Rivers Correctional Institution (TRCI), filed suit pursuant to 42 U.S.C. § 1983 and alleged claims of deliberate indifference arising from spoiled food intentionally given to inmates. Defendants moved for summary judgment on all claims, and in response, plaintiff moves for leave to amend his complaint and obtain additional discovery and to strike an affidavit submitted by defendants. Plaintiff's motions are DENIED.

1   - ORDER

DISCUSSION

On May 20, 2020, plaintiff filed his original Complaint alleging that on December 15, 2019, defendants knowingly provided rotten meat and/or fish to TRCI inmates, causing him to suffer the painful effects of food poisoning. Plaintiff seeks to add claims arising from two alleged incidents of food poisoning in June 2020 and from TRCI's alleged failure to screen inmates for the "contagious disease" of "Heliobacter pylori bacteria." Proposed Am. Compl. at 6-8, 11. Although courts should freely grant leave to amend when "justice so requires," Fed. R. Civ. P. 15(a)(2), proposed amendments may be denied as untimely, prejudicial, or futile. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic."). At minimum, plaintiff's proposed amendments are untimely and prejudicial.

Although the additional incidents of food poisoning allegedly occurred in June 2020, plaintiff did not seek leave to amend until April 27, 2022, and defendants would suffer prejudice from the additional discovery and delay associated with plaintiff's proposed claims. Further, plaintiff fails to allege facts plausibly suggesting that the named defendants personally participated in the July 2020 food-poisoning incidents or in any decision to screen inmates for disease.

Plaintiff also seeks an order allowing him to interview and obtain declarations from TRCI inmates to support his claims. In addition to the security concerns raised by plaintiff's motion, *see* Yoder Decl., he did not seek an extension of the March 3, 2020 discovery deadline and his request is untimely. Moreover, plaintiff submitted inmate declarations to support his response to defendants' motion, and his request appears to be moot.

2   - ORDER

Finally, plaintiff moves to strike the declaration of Dr. Warren Roberts submitted in support of defendants' summary judgment motion. Plaintiff presents no valid basis to strike the declaration and instead makes unsupported assertions that are irrelevant to its substance.

## CONCLUSION

Plaintiff's Motion for Leave to File Amended Complaint, Motion for Order allowing discovery, Motion to Stay, and Motion to Strike (ECF Nos. 54, 56, 57, 59) are DENIED. Defendants' Motion for Summary Judgment (ECF No. 49) is taken under advisement as of May 18, 2022.

IT IS SO ORDERED.

DATED this 17th day of May, 2022.

                                              s/ Michael J. McShane
                                              MICHAEL J. MCSHANE
                                              United States District Judge