UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ROBERT JEROME BYERS, | Case No. 2:20-cv-0813-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MATTHEW VESTER, Two Rivers Food Service Coordinator; LEZLEE CURTIS, Two Rivers Food Services Coordinator, OREGON DEPT. OF CORRECTIONS, | |
| Defendants. | |

MCSHANE, District Judge:

Plaintiff is an inmate at the Two Rivers Correctional Institution who suffered from a single incident of food poisoning in 2019. He alleges that Oregon Department of Corrections food services coordinators Matthew Vester and Lezlee Curtis acted with deliberate indifference to his health and safety in handling and preparing prison food. Defendants now move for summary judgment arguing that Plaintiff cannot establish his Eighth Amendment claim. Because the isolated instance of food poisoning here did not create a substantial risk of serious injury, and because

1   - OPINION AND ORDER

Plaintiff cannot show that prison officials acted with deliberate indifference toward Plaintiff's health and safety, Defendants' motion is GRANTED.[1]

## FACTUAL BACKGROUND

Plaintiff's claims arise from a single incidence of food poisoning. Compl. at 4-5 (ECF No. 2). Plaintiff alleges that on December 15, 2019, Defendants knowingly served rotten fish for an evening meal. *Id*. Later that night, Plaintiff became "very sick to his stomach," and felt "very sharp pains in his stomach with excruciating jabs of twisting pain that shot all through his abdomen." *Id*. at 5. Plaintiff continued to feel sick through the night and the following two days, experiencing diarrhea and vomiting. *Id*. He saw the sick call nurse on December 17, 2019. *Id*. Plaintiff alleges a whistleblower told him that the fish served was labeled "not for human consumption." *Id*. at 6. Plaintiff states that when the labeling was brought to Defendants' attention, "they chose to do nothing." *Id*. at 10.

## LEGAL STANDARD

To prevail on a motion for summary judgment motion, the moving party must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). In civil actions brought by a *pro se* plaintiff, the court construes the pleadings liberally. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008).

---

[1] During the briefing of Defendants' motion for summary judgment, Plaintiff filed various motions, including to amend his complaint, obtain additional discovery and to strike an affidavit submitted by Defendants, all of which the Court has denied. *See* Order dated May 17, 2022 (ECF No. 70). To the extent that Plaintiff makes new claims of food poisoning in his response to Defendants' motion, any such allegations are not properly before this Court.

2   - OPINION AND ORDER

DISCUSSION

To state an Eighth Amendment claim, a plaintiff must plead facts showing that (1) the deprivation alleged is objectively sufficiently serious; and (2) the prison official acted with "deliberate indifference" to prisoner health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)). Deliberate indifference is a subjective component and requires a prison official to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference." *Id*. at 837. Defendants argue that they are entitled to summary judgment because Plaintiff has failed to establish either the objective or subjective components of his Eighth Amendment claim.

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2000) (citing *Farmer*, 511 U.S. at 832). The Eighth Amendment requires only that the food provided to inmates be adequate to maintain their health. *LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir. 1993). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Id*. (citation omitted). Indeed, "[n]either isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation." *Bennett v. Misner*, 2004 WL 2091473, at *20 (D. Or. Sept. 17, 2004) (citation omitted), *aff'd*, 180 F. App'x 732 (9th Cir. 2006).

Plaintiff's complaints of a single bout of food poisoning, during which he experienced stomach pain, diarrhea and vomiting for less than a week, are not sufficiently serious to meet the objective prong of an Eighth Amendment claim. *See Singh v. Franke,* 2013 WL 6827917, *2 (D. Or. Dec. 20, 2013) ("isolated incident of food poisoning, particularly where the plaintiff did not

suffer serious injury, is not sufficient to constitute an Eighth Amendment violation"); *see also George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) ("[A] single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected prisoners.").

As to the subjective component, Defendants argue that Plaintiff has not shown that Defendants were aware of and deliberately disregarded any risk to Plaintiff's health. Defs.' Mot. Summ. J. at 6 (ECF No. 49). In response, Plaintiff relies on allegations contained in his verified Complaint and submits eleven declarations from other inmates who purportedly worked in the kitchen. *See* Pl.'s Resp. in Opp'n at 21-34 (ECF No. 58). Plaintiff argues that Defendants had "actual knowledge of the unsafe food and the excessive risk it posed to [Plaintiff's] health or safety" because "[i]t was so obvious that an[y] officials that are kitchen staff must have known about it." *Id*. at 8. Notably, of the eleven declarants, Defendants confirm that only four worked in the kitchen on December 15, 2019. *See id*. at 23, 30, 33-34; Defs.' Reply at 2-3 (ECF No. 65); Vroman-Cannell Decl. & Ex. 1 (ECF No. 66). These four inmates swear to have "personally seen meat and food products that was not safe for human consumption," but do not state Defendants oversaw, prepared, served, or otherwise were made aware of unsafe food being served on December 15, 2019. Pl.'s Resp. in Opp'n at 23, 30, 33-24. Without more, Plaintiff has failed to raise a genuine issue of material fact as to whether Defendants knew of and disregarded an excessive risk to his personal health and safety. As such, Defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

For the reasons explained above, Defendants' Motion for Summary Judgment (ECF No. 49) is GRANTED. Plaintiff's complaint is dismissed with prejudice.

4    - OPINION AND ORDER

DATED this 26th day of July, 2022.

      \_\_s/Michael J. McShane_____
      MICHAEL J. MCSHANE
      United States District Judge